IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANE DOE,

     *Plaintiff,*

  v.

SHADY GROVE REPRODUCTIVE
SCIENCE CENTER, P.C,

     *Defendant*

Case No. 24-cv-2368-ABA

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR
LEAVE TO AMEND AND DISCOVERY DISPUTE**

Plaintiff filed this case in August 2024, naming as the sole defendant Shady Grove Reproductive Science Center, P.C. ("Shady Grove"). ECF No. 1. Plaintiff's theory of liability is that Shady Grove violated certain Maryland statutes and common law by allegedly incorporating into its website certain "analytics and advertising tracking technology" operated by Google, Meta, and Microsoft. *See* ECF No. 29 (opinion on Shady Grove's motion to dismiss). There are two disputes pending: (1) Plaintiff's motion for leave to amend to add a new defendant and (2) a discovery dispute about access to certain of Shady Grove's financial information.

**A.    Motion for leave to amend the complaint**

Amendment of pleadings is governed by Rule 15, which directs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Fourth Circuit has instructed, district courts should "liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010), and "deny such leave only in cases of 'prejudice, bad faith, or futility.'" *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743,

1

750 (4th Cir. 2021) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)).

As noted above, for the first fourteen months of this case, Plaintiff was proceeding only against Shady Grove, which was Plaintiff's medical treatment provider. *See* ECF No. 1 ¶ 14. After the Court denied Shady Grove's motion to dismiss, ECF Nos. 29 & 30, discovery began in October 2025, *see* ECF No. 36, and has been contentious. *See* ECF Nos. 65, 75, 76 (orders regarding discovery disputes). Plaintiff contends that during a deposition on April 20, 2026, she learned that "US Fertility is the entity that decides what tracking technologies would be implemented on Shady Grove's website, as well as what pages of this website would incorporate these technologies" and that US Fertility and Shady Grove "share the same 'CRM' (customer relationship management) platform—which contains Shady Grove patients' advertising and analytical information—[and] also share access to Shady Grove's Google AdWords, Google Analytics, Meta Pixel, and Microsoft UET accounts." ECF No. 74 at 5.[1] That deposition was of Chad Tulloch, US Fertility's Vice President of Marketing, whom Shady Grove also designated as its Rule 30(b)(6) designee. *Id.* Plaintiff also alleges that "[i]n May 2020, Shady Grove founded US Fertility with the help of a private equity firm"; that "US Fertility provides non-clinical services to a nationwide network of fertility clinics"; that US Fertility "share[s] the same CEO, Mark Segal, with Shady Grove who now serves as the chairman of US Fertility's board of directors"; and that "US Fertility's board of directors includes three other Shady Grove employees besides Mr. Segal." ECF No. 74-1 ¶¶ 34–35 (proposed amended complaint).

---

[1] The page numbers used herein refer to the ECF pagination, which does not necessarily align with the parties' pagination.

Based particularly on the information about US Fertility's alleged involvement in "decid[ing] what tracking technologies would be implemented on Shady Grove's website," ECF No. 74 at 5, Plaintiff has moved for leave to file an amended complaint that adds US Fertility as a defendant.[2] The proposed amended complaint (ECF No. 74-1; *see also* ECF No 74-2 (redline)) contains the same causes of action and substantive theories of liability as the original complaint. In Plaintiff's motion she contends that adding US Fertility as a defendant is not futile because, among other things, "Shady Grove's own disclosures confirm that US Fertility directly participated in the conduct giving rise to [her claims]." ECF No. 74 at 3–4. In other words, Plaintiff contends, "[b]ecause US Fertility and Shady Grove share control over Shady Grove's website and have cooperated to implement tracking technologies on its website, there is no practical reason this action should proceed against one without the other." *Id.* at 5. Plaintiff also contends she satisfies the prejudice and bad faith aspects of the Rule 15 analysis because the proposed amended complaint involves the same facts and claims, "the case is at an early stage with little discovery having taken place," and Shady Grove "has relied on US Fertility employees to satisfy its own discovery obligations, which only further confirms the two entities are interrelated." *Id.* at 7 (citing *Gilead Scis., Inc. v. Meritain Health, Inc.*, Case No. 24-cv-03566-JRR, 2025 WL 2917379, at \*3 (D. Md. Oct. 12, 2025)).

Shady Grove opposes amendment. It does not contend that amendment would be futile, instead arguing that "Plaintiff's proposed amendment should be denied due to her 'undue delay' in filing and the substantial 'undue prejudice' Defendant would suffer by allowing the filing." ECF No. 77 at 2. The basis for its "undue delay" argument is that

---

[2] The amended complaint also removes the claims that had been asserted by Jane Doe II, who had previously voluntarily dismissed her claims. *See* ECF Nos. 40 & 41.

Plaintiff was "aware of US Fertility's relationship to Defendant from the outset," specifically because (1) Shady Grove's website identifies US Fertility as a "partnership of top-tier fertility practices . . . united under a shared mission . . . to drive innovation and leverage best practices to enhance both the patient experience and improve treatment outcomes," and (2) "US Fertility was included in Defendant's Initial Disclosures, which were served on November 7, 2025." ECF No. 77 at 3 & ECF No. 80 at 9. Shady Grove's prejudice argument is that "Defendant has spent over $140,000 on legal fees to date in this matter, a large part of which is directly related to Plaintiff's aggressive litigation and discovery tactics." ECF No. 77 at 4.

Plaintiff rejects those delay/prejudice arguments, as does the Court. As to the website, as Plaintiff puts it, the information on Shady Grove's website does not disclose that US Fertility "has anything to do with the creation, maintenance, and use of Shady Grove's website" or "about US Fertility's role as a managed-services organization controlling Shady Grove's entire technology and marketing infrastructure, a fact only revealed for the first time in Mr. Tulloch's deposition and confirmed through Mr. [Ethan] Harris's testimony." ECF No. 80 at 9. As for the initial disclosures, they listed two US Fertility employees as having knowledge about Shady Grove's "marketing practices" and "information security practices" generally; it was not until the depositions that Plaintiff learned the information that they now allege gives rise to cognizable direct claims against US Fertility. *Id.* at 9–10. The Court agrees that for these reasons, Plaintiff's motion for leave to amend is not the product of undue delay.

As for Shady Grove's prejudice argument, the Court is sympathetic to the concern that adding claims against a new defendant may entail some delay and increase the expense of defending against Plaintiff's claims. But Plaintiff appears correct in asserting

that the costs that Shady Grove and/or US Fertility have incurred to date "would have been incurred regardless of whether US Fertility is named." *Id.* at 11. And because concerns of judicial economy and efficient use of the parties' resources militate against forcing Plaintiff to file (and US Fertility to defend against) a separate lawsuit, *see id.* at 2–13, the Court concludes that Shady Grove's concerns about prejudice to it do not justify denying Plaintiff's motion.

For these reasons, and in light of the liberal standard for amendment, *see Galustian*, 591 F.3d at 729, Plaintiff's motion for leave to amend will be granted.

## B.    Discovery dispute

The parties' other present dispute arises from Plaintiff's request for Shady Grove's "total assets, total liabilities, net worth, cash or cash equivalents, and available credit or lines of credit, as well as [its] gross rev[en]ue, net revenue, and n[e]t profits for the past three (3) years." *See* ECF No. 79 at 1. In Shady Grove's written response to this discovery request, it objected to the request as "overreaching," and also "premature" because it need not "disclose its financial state or conditions before a judgment has been entered." ECF No. 79-1 at 3. This dispute requires the Court to rule on whether the requested information is "relevant to [Plaintiff's] claim[s] . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Plaintiff contends that the information is relevant to her claim for punitive damages and her unjust enrichment claim. ECF No. 79 at 2. Shady Grove responds that "the likelihood of liability for Defendant that could include either punitive damages or

unjust enrichment damages related to the Defendant's financial condition is speculative at best." ECF No. 81 at 2.[3]

Plaintiff's theory that her claim for punitive damages will survive summary judgment is speculative at best, particularly given the high bar for punitive damages claims under Maryland law. In the event that claim survives summary judgment, Plaintiff may renew her request for discovery into Defendant's financial position. And as for unjust enrichment, the demand for discovery into Shady Grove's overall finances is disproportionate to the request because it is untethered to profits that, even if Plaintiff's claims are true, would flow from access to the data that Plaintiff claims the tracking technology made available to Shady Grove.

For these reasons, Plaintiff's request for an order compelling Shady Grove to produce its "total assets, total liabilities, net worth, cash or cash equivalents, and available credit or lines of credit, as well as [its] gross rev[en]ue, net revenue, and n[e]t profits for the past three (3) years" is denied.

## ORDER

For these reasons, the Court hereby ORDERS as follows:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 74) is GRANTED;

2. The Clerk shall file Plaintiff's proposed amended complaint (ECF No. 74-1) as the First Amended Complaint; and

---

[3] She also contends that the information may bear on whether she may amend her complaint to add a claim against US Fertility. ECF No. 79 at 2–3. That aspect of Plaintiff's request is moot in light of the Court granting the motion for leave to amend—and in any event the information requested is untethered to the relevant aspects of that relationship and also is disproportionate to any relevance.

3.  Plaintiff's request for discovery of Shady Grove's "total assets, total liabilities, net worth, cash or cash equivalents, and available credit or lines of credit, as well as [its] gross rev[en]ue, net revenue, and n[e]t profits for the past three (3) years" is DENIED.

Date: July 10, 2026

_____***/s/***_____
Adam B. Abelson
United States District Judge
